**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL A. LOMBARDO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-1383** |
| | : | |
| **AMY ZANELLI,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**YOUNGE, J.**                                                    **APRIL 23, 2024**

        Plaintiff Michael A. Lombardo, a prisoner currently incarcerated at the Lehigh County

Jail, brings this *pro se* action alleging violations of his civil rights.  Named as Defendants are:

Amy Zanelli, Andrew Yost, Robert L. Nickelson, Thomas Rasich, Matthew Steidel, Christopher

Pfancock, and the Bethlehem City Police Department.  Lombardo seeks to proceed *in forma*

*pauperis*.  For the following reasons, the Court will grant Lombardo leave to proceed *in forma*

*pauperis* and dismiss his Complaint.  He will be granted leave to file an amended complaint, in

the event he can cure the deficiencies noted by the Court.

**I.        FACTUAL ALLEGATIONS**[1]

        Lombardo alleges that he telephoned the Bethlehem City Police Department on

November 14, 2023, to report that he had been illegally evicted, assaulted, and kidnapped.

(Compl. at 4.)[2]  Due to call volume, Lombardo left a voicemail message with his contact

---

[1]        The factual allegations set forth in this Memorandum are taken from Lombardo's
Complaint (ECF No. 2) and publicly available dockets.  *See Buck v. Hampton Twp. Sch. Dist.*,
452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining
whether a pleading has stated a claim).

[2]        The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

information so that he could receive a call back.  (*Id.*)  His call was returned later that day, and Lombardo reported to an officer that he had been "illegally and physically removed, threatened, robbed and kidnapped."  (*Id.*)  Lombardo was told that he would need to appear at the police station in person, which Lombardo was unable to do at that time because he was in New Jersey. (*Id.*)  Lombardo indicated his willingness to press charges and told the officer that he would do so when he returned to Pennsylvania.  (*Id.*)

On November 17, 2023, Lombardo "attempted to alert authorities of being back in Pennsylvania but received no call back."  (*Id.*)  According to Lombardo, instead, the Bethlehem City Police Department and Officers Steidel, Pfancock, and other John Doe Officers "arrived and immediately seized" him by "grabbing him by the arm and then surround[ing] him in a show of force."  (*Id.* at 4-5.)  Lombardo insisted that he had been assaulted and wished to pursue criminal charges against "owner landlord-tenant (Stephanie Meinhart)."  (*Id.* at 5.)  He claims that he was assaulted "with a weapon and multiple other assaults and robbery and kidnapping."  (*Id.*)

Lombardo contends that instead of assisting him, Officers Steidel, Pfancock, and other John Doe Officers assisted Ms. Meinhart, because she reported that Lombardo had threatened her on November 9, 2023.  (*Id.*)  Lombardo asserts that Ms. Meinhart's allegation of a threat had gone unreported to police.  (*Id.*)  He claims that the officers plotted and conspired to assist "the (female)" rather than him "to gender discriminate," and that these conspiratorial acts were captured by police body camera.  (*Id.*)  As alleged, while the officers conspired with Ms. Meinhart, other officers "made . . . [him] provide his name, [date of birth] and Social Security info."  (*Id.*)  He claims: "[t]hen to further this plot they provided Magistrate Amy Zanelli's info and set up a[n] emergency [Protection From Abuse] meeting (for unreported words from over a week prior).  That was solely based on Stephanie Meinhart's accusation that was <u>unfounded</u> &

unreported." (*Id.* at 6.)  Approximately one hour later, police arrived with a temporary PFA

Order issued by Magistrate Zanelli, that Lombardo claims was based on "no probable cause

whatsoever." (*Id.*)  Lombardo claims that there was no verification of the alleged threat made by

him. (*Id.*)  He concludes that "Police, Stephanie Meinhart, & Magistrate Amy Zanelli fabricated

evidence to find probable cause, thus civilly conspiring with one another" and that he was not

provided equal protection of the law.  (*Id.*)

Based on these allegations, Lombardo claims that he was subjected to an illegal search

and seizure in violation of his rights secured by the Fourth Amendment; that certain Defendants

committed identity theft; that he was discriminated against on the basis of his gender and his

right to equal protection of the law was violated; and that certain Defendants conspired to violate

his constitutional rights. (*Id.* at 7-8.)  As relief, he seeks monetary damages.  (*Id.* at 9.)[3]

Lombardo further requests that his case be placed on the Civil Rights Panel for appointment of

counsel. (*Id.*)

A review of the publicly available state court docket system reveals that Lombardo

currently has three active criminal prosecutions.  Two pertain to the November 2023 events

described above. *See Commonwealth v. Lombardo*, CP-39-CR-0000987-2024 (C.P. Lehigh);

*Commonwealth v. Lombardo*, CP-39-CR-0000988-2024 (C.P. Lehigh).  The third case pertains

to events that occurred on December 8, 2023, for which Lombardo has commenced a separate

civil action. *See Commonwealth v. Lombardo*, CP-39-CR-0000986-2024 (C.P. Lehigh);

*Lombardo v. Wescoe, et al.*, Civil Action No. 24-1385.

---

[3]      Lombardo also includes "suppression of identity" in his request for relief.  (Compl. at 9.)
This Court may not provide such relief.  *See Stefanelli v. Minard*, 342 U.S. 117, 120 (1951)
("[T]he federal courts should refuse to intervene in State criminal proceedings to suppress the
use of evidence even when claimed to have been secured by unlawful search and seizure.")

## II.    STANDARD OF REVIEW

The Court will grant Lombardo leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Lombardo is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented

---

[4]      However, since Lombardo is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

## III.   DISCUSSION

The Court understands Lombardo to primarily raise constitutional claims under 42 U.S.C. § 1983 pursuant to the Court's federal question jurisdiction.  (*See* Compl. at 3.)  Section 1983, the vehicle by which federal constitutional claims may be brought in federal court, "does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."  *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).  Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Furthermore, to state a § 1983 claim against a municipality, a plaintiff must

allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  For the following reasons, Lombardo's claims are not plausible.

### A.      Claims Against the City of Bethlehem Police Department

Lombardo has named the City of Bethlehem Police Department as a Defendant. Following *Monell*, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.; Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, Bethlehem Police Department is not a proper defendant in this case under § 1983, and Lombardo's claims against it are dismissed with prejudice.

### B.      Official Capacity Claims

Lombardo seeks to bring claims against the individual Defendants in their official capacities as well as their individual capacities.  (*See* Compl. at 9.)  Claims against municipal officials named in their official capacity are indistinguishable from claims against the municipality that employs them.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)

6

("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690 n.55). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Nonetheless, a municipality such as the City of Bethlehem is not vicariously liable under § 1983 for the actions of its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding that local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts.") (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (internal quotation omitted). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). In other words, "[c]ustom requires proof of knowledge and acquiescence by [a municipal] decisionmaker." *McTernan*, 564 F.3d at 658. General allegations that simply

paraphrase the standard for municipal liability do not support a plausible claim.  *See Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

To the extent Lombardo seeks damages from the named individual Defendants in their official capacities, or from the City of Bethlehem, he has failed to allege facts that support *Monell* liability.  Lombardo has not pled a municipal policy or custom with respect to any of the alleged constitutional violations, that any such policy or custom caused the constitutional violation, or any municipal failures amounting to deliberate indifference.  Accordingly, the official capacity claims are not plausible and will be dismissed.

### C.    Personal Involvement

As noted above, a defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable.  *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).  Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'"  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207)).  Lombardo has named Officer Andrew Yost, Officer Robert Nickelson, and Detective Rasich in the caption of his Complaint and in the list of Defendants.  (*See* Compl. at 1.)  However, Lombardo includes no facts about how Officer Andrew Yost, Officer Robert Nickelson, or Detective Rasich may be held liable for a

constitutional claim. Indeed, they are not mentioned anywhere in the body of the Complaint.[5] Accordingly, any claims against Officer Andrew Yost, Officer Robert Nickelson, and Detective Rasich will be dismissed.

### D.   Claims Barred by Judicial Immunity

Lombardo seeks to bring claims against Magistrate Amy Zanelli based on actions she is alleged to have taken in connection with a PFA Order that was issued against him. (*See* Compl. at 6.) Lombardo claims that her findings were without probable cause and that she conspired with officers and Ms. Meinhart in issuing the Order. (*Id.*) However, Lombardo's claims against Magistrate Zanelli must be dismissed. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208

---

[5]     Lombardo submitted two Complaints that were received by this Court on the same date – the present case, which was assigned Civil Action No. 24-1383, and *Lombardo v. Wescoe, et al.*, Civil Action No. 24-1385. Civil Action No. 24-1385 concerns Lombardo's arrest on December 8, 2023, and raises allegations of various constitutional violations as well. Detective Thomas Rasich is named as a Defendant in Civil Action No. 24-1385 and Lombardo presents allegations concerning his conduct therein.

Page 3 of the Complaint submitted in the present case includes a passing reference to Detective Rasich. (*See* Compl. at 3.) While this page was submitted with Lombardo's mailing, the allegations described therein do not relate to the case at bar. Lombardo discusses facts pertaining to the incident underlying his allegations in Civil Action No. 24-1385. Accordingly, the Court will disregard page 3 of the Complaint for purposes of the case at bar, as it appears that it was inadvertently included in this filing.

F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  As Lombardo's claims against Magistrate Zanelli are based on acts she took in her judicial capacity while presiding over a matter over which she had jurisdiction, Magistrate Zanelli is entitled to absolute judicial immunity from Lombardo's claims.  *See Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (finding judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy), *aff'd*, 572 F. App'x 68 (3d Cir. 2014).

E.      **Equal Protection Claim**

The Court understands Lombardo to allege that Officers Steidel and Pfancock, as well as John and Jane Doe officers, violated his right to equal protection of the laws pursuant to 42 U.S.C. § 1981 by discriminating him on the basis of his gender.  (*See* Compl. at 8.)  This claim fails for several reasons.

First, unlike § 1983, which provides a cause of action only against state actors, § 1981 does not provide a private right of action against state actors and instead applies to private conduct.  *See McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009) (explaining

that § 1983 provides "the exclusive remedy for violations of § 1981 by state actors"); *see also Goodall-Gaillard v. N.J. Dep't of Corr.*, 625 F. App'x 123, 128 (3d Cir. 2015) ("[A]s the District Court properly noted, § 1981 does not provide a private right of action against state actors."). Because the named Defendants are state actors, Lombardo cannot obtain relief under § 1981 for their actions.

Moreover, § 1981 prohibits private acts of race discrimination, not gender discrimination. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999) (affirming dismissal of § 1981 gender discrimination claim because § 1981, "on its face, is limited to issues of racial discrimination in the making and enforcing of contracts"); *Smith v. Philadelphia Works Inc.*, No. 22-1458, 2022 WL 16553381, at *4 (E.D. Pa. Oct. 31, 2022) (dismissing claims for age and sex discrimination under § 1981 because they are not actionable under that statute).

Because he also references the Fourteenth Amendment in his claim, it is possible that Lombardo's claim could be construed as alleging an equal protection violation by selective prosecution pursuant to § 1983. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "Selective prosecution is a form of discriminatory law enforcement that has been held to violate the Equal Protection Clause of the Fourteenth Amendment since *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S. Ct. 1064, 30 L. Ed. 220 (1886), which held officials liable for 'illegal discrimination' when they 'applied and administered' a facially neutral law 'with an evil eye and an unequal hand.'" *Davis v. Malitzki*, 451 F. App'x 228, 234 (3d Cir. 2011). "Two factors must be proved: first, that persons similarly situated were not

prosecuted; second, that the decision to prosecute was made on the basis of an unjustifiable

standard, such as race, religion or 'some other arbitrary factor.'" *Id.* (quoting *United States v.*

*Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989) (*per curiam*)). "Persons are similarly situated under

the Equal Protection Clause when they are alike in 'all relevant respects.'" *Startzell v. City of*

*Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10

(1992)). To successfully assert a selective prosecution claim, a plaintiff will have to prove that

the defendants "intentionally and purposefully discriminated against him by failing to prosecute"

similarly situated individuals. *See Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650377,

at *9 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).[6]

Nonetheless, Lombardo has failed to allege a plausible equal protection claim against any

individual. He does not allege facts showing that Ms. Meinhart was "alike in all relevant

respects," nor does he offer factual support for his conclusion that the decision by officers to

consider her allegations over his was made because she is a woman, and that the decision was

intentionally made on that basis. Instead, he offers only the wholly conclusory allegation that the

officers acted upon Ms. Meinhart's assertion that she was threatened, and not his, because she is

female. (*See* Compl. at 6.) Accordingly, any equal protection claim against Defendants Steidel

and Pfancock and the Doe Defendants will be dismissed. *See Fullman v. City of Philadelphia*,

No. 23-3073, 2024 WL 1637550, at *2 (3d Cir. Apr. 16, 2024) (*per curiam*) (affirming dismissal

of equal protection claim that, *inter alia*, was based on only conclusory allegations that police

---

[6]     The United States Court of Appeals for the Third Circuit has held that selective
prosecution and selective enforcement "are different Fourteenth Amendment claims." *Dique v.*
*New Jersey State Police*, 603 F.3d 181, 188 n.10 (3d Cir. 2010). "When a plaintiff's grievance is
directed solely at police misconduct, the claim should be for selective enforcement." *Davis v.*
*Malitzki*, 451 F. App'x 228, 234 n.11 (3d Cir. 2011) (citing *Hill v. City of Scranton*, 411 F.3d
118, 125 (3d Cir. 2005)). Nevertheless, the standards "are virtually identical." *Id.*

failed to adequately investigate and the District Attorney refused to prosecute plaintiff's criminal complaint because plaintiff is black, has a criminal record, and has a history with local law enforcement); *Johnson v. Koehler*, No. 14-1490, 2015 WL 1470948, at *16 (M.D. Pa. Mar. 31, 2015) (dismissing claim of selective prosecution where plaintiff failed to allege that a similarly situated person was treated differently); *see also Karns v. Shanahan*, 879 F.3d 504, 521 (3d Cir. 2018) ("[T]o maintain a selective enforcement claim, a plaintiff must provide evidence of discriminatory purpose, not mere unequal treatment or adverse effect.") (citations omitted).[7]

### F.   Conspiracy Claim

Lombardo asserts that Ms. Meinhart, Magistrate Zanelli, Officers Steidel and Pfancock, as well as John and Jane Doe officers conspired to violate his rights, and that at all times these individuals other that Ms. Meinhart were acting under the color of state law.  (Compl. at 8.)  He seeks to bring this claim under 42 U.S.C. § 1985.  (*Id.*)  Nothing in the Complaint supports a basis for a claim under § 1985.  "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."  *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006)

---

[7]    Additionally, Lombardo may not bring a due process claim based on his assertion that officers failed to investigate his claim of assault, robbery, and kidnapping.  *See Sanders v. Downs*, 420 F. App'x 175, 180 (*per curiam*) (affirming dismissal of due process claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no constitutional right to the investigation or prosecution of another"); *Nedab v. Lencer*, No. 06-54, 2007 WL 853595, at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).

(explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"); *Hauptmann v. Wilentz*, 570 F. Supp. 351, 386 (D.N.J. 1983) ("If the conspiracy only affects the plaintiff individually, the allegations will not satisfy the class-based animus requirement."), *aff'd*, 770 F.2d 1070 (3d Cir. 1985), *and aff'd sub nom., Appeal of Hauptmann*, 770 F.2d 1070 (3d Cir. 1985). Nothing in the Complaint suggests any factual basis for race or class-based discrimination. To the extent Lombardo invokes this statute, his claim is not plausible.

It is possible that Lombardo seeks to bring his conspiracy claim pursuant to § 1983. The elements of a § 1983 claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under § 1983 that "the conspirators act 'under the color of state law.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As acknowledged by Lombardo, Ms. Meinhart is not a state actor and could not be liable for a constitutional violation on this basis. In any event, the Complaint fails to allege concerted action by the named Defendants. Lombardo

has not adequately alleged any factual basis from which a conspiracy could plausibly be inferred. Accordingly, any § 1985 and § 1983 conspiracy claims must be dismissed.

G.      **Fourth Amendment Claims**

Lombardo alleges that Officers Steidel and Pfancock, as well as various John Doe officers, violated his Fourth Amendment rights.  (Compl. at 7.)[8]  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  As indicated by this language, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable."  *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985).  Nevertheless, "what is reasonable depends on the context within which a search takes place."  *Id.*  The elements of a § 1983 claim for unreasonable search and seizure are:  (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances.  *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989).  Although searches generally require probable cause or, at least, reasonable suspicion, there are exceptions including one that permits an arresting officer to perform a search incident to an

---

[8]      Lombardo also references 18 U.S.C. § 2236 (searches without warrant) in support of this claim.  (*See* Compl. at 7.)  His reliance upon this statute is misplaced.  *See Wilson-Johnson v. Walker*, No. 18-1076, 2018 WL 1641223, at *2 (E.D. Pa. Apr. 4, 2018) (dismissing claim under 18 U.S.C.§ 2236 as it does not provide for a private civil cause of action) (citing *Roller v. Matheny*, No. 12-cv-262, 2012 WL 5451527, at *3 n.2 (E.D. Tenn. Nov. 7, 2012); *Buchanan v. Biden*, No. 10-727, 2010 WL 5071057, at *5 (D. Del. Dec. 6, 2010) (finding plaintiff failed to state a cause of action under § 1983 where plaintiff sought to bring claims under various criminal statutes including § 2236 because "[i]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals"); *see also Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) ( "[A] private person does not have a 'judicially cognizable interest in the prosecution . . . of another.") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

arrest. *See generally Birchfield v. North Dakota*, 579 U.S. 438, 455-61 (2016) (discussing the search-incident-to-arrest doctrine).

Lombardo's unreasonable search and seizure claims are undeveloped as pled. He claims that on November 17, 2023, he attempted to alert authorities that he was in Pennsylvania but did not receive a return call. (Compl. at 4.) He contends that the Bethlehem City Police Department and Officers Steidel, Pfancock, and other John Doe Officers "arrived and immediately seized" him by "grabbing him by the arm and then surround[ing] him in a show of force." (*Id.* at 4-5.) Lombardo further avers that he informed the officers that he had been assaulted and wished to pursue criminal charges against Ms. Meinhart, however, she also reported that she had been assaulted by Lombardo. (*Id.* at 5.) Lombardo's allegations do not sufficiently describe the circumstances leading up to the search and seizure to support an inference that Defendants' actions were unconstitutional. *See, e.g., Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." (citation omitted)), *aff'd sub nom. Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461 (3d Cir. Nov. 8, 2023). Accordingly, Lombardo's Fourth Amendment claims based on an alleged unreasonable search and seizure will also be dismissed.[9]

---

[9]   Lombardo should note that if he files an amended complaint raising nonconclusory Fourth Amendment claims relating to the search and seizure, such claims may be subject to dismissal or stay in accordance with the doctrine of abstention developed in *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The specific elements of *Younger* abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989); *see, e.g., Rex v. Fisher*, No. 12-4045, 2012 WL 3537846, at *2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims for

**H.      Identity Theft Claim**

Lombardo also asserts a claim against the Bethlehem City Police Department, Officers Steidel and Pfancock, as well as several John and Jane Doe Officers based on statutory identity theft, 18 Pa. Cons. Stat. § 4120.  (Compl. at 7.)  The Court understands this claim to be based on Lombardo's allegation that officers "made . . . [him] provide his name, [date of birth] and Social Security info" during the November 17, 2023 incident.  (*See id.* at 5.)

Pennsylvania provides for a private civil action for damages based on identity theft as defined by the criminal statute 18 Pa. Cons. Stat. § 4120.  *McCullagh v. McCullagh*, 826 F. App'x 175, 176 n.1 (3d Cir. 2020).  Section 4120(a) provides: "A person commits the offense of identity theft of another person if he possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose."  18 Pa. Cons. Stat. § 4120(a).  However, Lombardo has made no plausible allegation that his identifying information was used by any Defendant to further an unlawful purpose. "Absent a showing that [a] Defendant[ ] stole his information and used it for an unlawful purpose, there is no merit to a state law claim of identity theft."  *Switzer v. Franklin Inv. Corp.*, No. 22-0208, 2023 WL 2313482, at *3 (W.D. Pa. Jan. 31, 2023) (citations omitted), *report and recommendation adopted*, No. 22-0208, 2023 WL 2307410 (W.D. Pa. Feb. 28, 2023). Accordingly, Lombardo's identity theft claim will be dismissed.

---

damages in light of pending criminal prosecution when plaintiff "ha[d] the opportunity to raise his Fourth Amendment challenges in the course of his criminal proceeding").  However, Because Lombardo's Fourth Amendment claims are undeveloped, and therefore not plausible, the Court will not address at this time whether *Younger* abstention necessitates that such claims be stayed pending resolution of the state judicial proceedings.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Lombardo leave to proceed *in forma pauperis* and dismiss his Complaint.  Lombardo's claims against the Bethlehem City Police Department and Magistrate Zanelli, as well as any claims brought pursuant to 42 U.S.C. § 1981, 42 U.S.C § 1985, and 18 U.S.C. § 2236, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  He will not be given leave to amend these claims because the Court concludes that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

All other claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Lombardo will be given an opportunity to correct the defects in his claims by filing an amended complaint.  Any amended complaint must clearly describe the factual basis for his claims and how the defendant was personally involved in the alleged denial of his rights.  Lombardo may not reassert a claim that has already been dismissed with prejudice, or rename a party that has already been terminated from this case.

The Court will deny Lombardo's request for the appointment of counsel at this time without prejudice to renewal after the Court conducts a statutory screening of any amended complaint Lombardo may file.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**


**/s/ John Milton Younge**
**JOHN MILTON YOUNGE, J.**

18